Michele R. Stafford, Esq. (SBN 172509)
Eric K. Iwasaki (SBN 256664)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: eiwasaki@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16
Northern California Health and Welfare Trust Fund, et al.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND; and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and JOHN MAGGIORE, Trustees; <br><br> BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and JEANNIE SIMPELO, Trustees; <br><br> DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and JEANNIE SIMPELO, Trustees, <br><br>            Plaintiffs, <br><br>    v. <br><br> PICTURE PAINTING & DECORATING, INC., a California Corporation; OLLIE J. B'LANTON, an individual, <br><br>            Defendants. | Case No. <br><br> **COMPLAINT** |

Parties

     1.     The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund Annuity Plan (together "Pension Funds"); and District Council 16 Northern

California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Chris Christophersen and John Maggiore are Trustees, and fiduciaries, of the Health Fund. Chris Christophersen and Jeannie Simpelo are Trustees, and fiduciaries, of the Pension Fund and Apprentice Fund. The Health Fund, Pension Funds, Apprentice Fund, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.     Picture Painting & Decorating, Inc., a California Corporation, and OLLIE J. B'LANTON, an individual (collectively "Defendants"), are Employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

3.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.     Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

5.     To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

6.     Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at

their principal place of business in Alameda County, California. Thus, jurisdiction and venue are properly grounded with this Court.

7.     Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the District Council No. 16 of the International Union of Painters and Allied Trades (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

8.     The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

9.     Defendant Picture Painting & Decorating, Inc. entered into the Northern California Painters Master Agreement between District Council 16 and Northern California Painting and Finishing Contractors Association, July 1, 2014 through June 30, 2017, and the Northern California Painters Master Agreement between District Council 16 and Northern California Painting and Finishing Contractors Association, July 1, 2017 through June 30, 2020 (collectively, the "Bargaining Agreements"), requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. Plaintiffs are third party beneficiaries of the Bargaining Agreements. In addition, Defendant Ollie B'Lanton, on behalf of Defendant Picture Painting & Decorating, executed the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds, which provides that the person signing on behalf of the employer is personally and individually liable for the employer's contributions as required by the Bargaining Agreements.

10.     Under the terms of the Bargaining Agreements, Plaintiffs' Trustees are authorized to collect monies due by Defendants to the following plans: District Council 16 Northern California Health & Welfare Trust Fund, Bay Area Painters & Tapers Pension Trust Fund, Bay Area Painters & Tapers

3

Pension Trust Fund – The Annuity Plan, District Council 16 Northern California Journeyman & Apprentice Training Trust Fund, IUPAT – Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, the Work Preservation Fund, the Industry Fund, the DC 16 STAR Fund, Administrative Dues Check-Off, Wage Equality Dues Check-Off, Organizing Dues Check-Off, Unity Action Dues Check-Off, Vacation/Holiday Fund and the IUPAT PAT-PAC (collectively referred to herein as the "Bargained Entities"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

11.    Under the Bargaining Agreements and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the first (1st) day of the month following the month in which payment was due, until paid.

12.    The Bargaining Agreements further require Defendants to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

//

//

**COMPLAINT**
**Case No.**

<u>Factual Allegations</u>

13.    Defendants have failed and refused to pay amounts found due to Plaintiffs as a result of an audit of Defendants' payroll records for the period from October 1, 2016 through March 31, 2017. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for that period. Defendants also owe liquidated damages and interest on late-paid contributions for the months: January through February 2017, April through May 2017, February 2018, May 2018, and April 2019.

14.    Plaintiffs are also entitled to recover any and all contributions, and all liquidated damages and interest on delinquent contributions, found due on timecards, audit, or otherwise including estimated contributions for months Defendants failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

15.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16.    Defendants have a contractual duty under the Bargaining Agreements to provide reports of monthly amounts due, pay amounts due, and to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs, the Bargained Entities, and to timely make the required payment of union dues to the Union.  By failing to make such timely payments as required, Defendants have breached said duty.

17.    ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

18.    This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility

**COMPLAINT**
**Case No.**

that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

19.   This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.   For a judgment against Defendants as follows:

(a)   Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii. To the Union in accordance with the Bargaining Agreements.

(b)   Liquidated damages on all unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)   Interest on all unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

2.   Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.   For an order,

(a)   requiring that Defendants comply with their obligations to Plaintiffs under the

**COMPLAINT**
**Case No.**

terms of the Bargaining Agreements and the Trust Agreements;

        (b)    enjoining Defendants from violating the terms of those documents and of ERISA; and;

        (c)    enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

    4.    That the Court retain jurisdiction of this case pending compliance with its orders.

    5.    For such other and further relief as the Court may deem just and proper.

DATED: January 17, 2020                SALTZMAN & JOHNSON LAW
CORPORATION

                            By:        /S/

                                    Eric K. Iwasaki
Attorneys for Plaintiffs, District Council 16
Northern California Health and Welfare Trust Fund,
et al.

**COMPLAINT**
**Case No.**